JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASKIA SANKOFA ASHANTI,<br><br>Petitioner,<br><br>v.<br><br>ROBERT BURTON, Warden,<br><br>Respondent. | NO. CV 22-2745-DDP (AGR)<br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner has filed a Petition for Writ of Habeas Corpus challenging his 1980 homicide conviction and the state court's determination that Petitioner is not eligible for resentencing under Cal. Penal Code § 1170.95. Because the record before the court indicates that Petitioner is not in custody pursuant to the state court judgment he challenges, the Court lacks jurisdiction over the Petition for Writ of Habeas Corpus.

## I.
## **PROCEDURAL HISTORY**

The Court takes judicial notice of the records in Petitioner's federal habeas corpus actions in the Central District of California and the available state court records. *See* Fed. R. Evid. 201; *Porter v. Ollison*, 620 F.3d 952, 955 n.1 (9th Cir.

2010) (taking judicial notice of state court docket).

In October 1980, Petitioner, who was seventeen years old at the time, pleaded guilty to one count of first-degree murder (Cal. Penal Code § 187) and admitted the allegation that the principal in the crime was armed with a firearm (Cal. Penal Code § 12022(a)) in Los Angeles County Superior Court. (Dkt. No. 1-3 at 17-18.) Petitioner was remanded to the California Youth Authority. (*Id*. at 17.)

It appears that Petitioner did not appeal. (http://appellatecases.courtinfo.ca.gov/search.) Petitioner completed serving his sentence and was released sometime in 1986. (Dkt. No. 1 at 14.)

Relevant here, on February 6, 2019, Petitioner filed a petition for resentencing under Cal. Penal Code § 1170.95 in the Superior Court. (Dkt. No. 1-3 at 11-13 (Case No. A525448).) An opposition was filed. (Dkt. Nos. 1-2 at 37-38, 1-3 at 1-10.) On April 4, 2019, the Superior Court summarily denied resentencing, and Petitioner timely appealed. (Dkt. No. 1-2 at 24 & 21.)

On May 26, 2021, the California Court of Appeal affirmed the denial of resentencing under § 1170.95. (Dkt. Nos. 1 at 37-42 & 1-1 at 1-3 (Case No. B297624).) The Court of Appeal agreed with the Superior Court that § 1170.95 is unavailable to a person who is currently not serving a sentence for murder. (Dkt. No. 1-3 at 2.)

On August 18, 2021, California Supreme Court summarily denied review. (Dkt. No. 1 at 31 (Case No. S269671).)

On March 16, 2022, Petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 ("Petition"). (Dkt. No. 1.) The Petition raises four grounds challenging his 1980 homicide conviction and sentence. (*Id*. at 16-22.)

2

## II.

## **DISCUSSION**

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the Petition. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

A federal court has the power to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the laws of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To state a federal habeas claim, the petitioner must challenge the validity of the fact or duration of his confinement. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam). To establish "custody" under section 2254(a), (1) there must be a restraint on the petitioner's liberty, and (2) there must be "a nexus between the petitioner's claim and the unlawful nature of the custody." *Bailey v. Hill*, 599 F.3d 976, 978-80 (9th Cir. 2010). To satisfy the second requirement, success on the habeas claim must result in a change in the restraint on the petitioner's liberty. *Id*. at 980.

A habeas petition is moot when the petitioner "seeks relief [that] cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus." *Burnett v. Lampert*, 432 F.3d 996, 1000-01 (9th Cir. 2005) (citation, quotation marks, and ellipses omitted).

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

## III.

## FEDERAL HABEAS REVIEW

Petitioner asserts four grounds for relief that challenge his 1980 homicide conviction and the state court's determination that Petitioner is not eligible for resentencing under Cal. Penal Code § 1170.95. (Petition at 16-22.)

For the foregoing reasons, the Court dismisses the Petition for lack of jurisdiction.

### A.  In Custody Requirement

Petitioner challenges a 1980 state court conviction whose sentence has long since expired. Under these circumstances, Petitioner cannot show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.* at 492.

Petitioner acknowledges that he completed the sentence for his 1980 conviction in 1986 with no parole or probation. (Petition at 14.) The sentence therefore fully expired sometime in 1986. Petitioner is not currently "in custody" pursuant to the state judgment that he seeks to attack in the Petition,[1] and this court lacks jurisdiction over his Petition.

---

[1] At the time the underlying Petition was filed, Petitioner was serving a 25-years to life sentence pursuant to a subsequent state court judgment. The challenge to that conviction and sentence is the subject of two cases, *Ashanti v. Martel*, CV 15-10026-DDP (AGR) and *Ashanti v. Diaz*, CV 21-523-DDP (AGR).

4

### B. Claims Two, Three and Four: Cognizability

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). An error in applying state sentencing law does not state a claim for federal habeas relief. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994); *Watts v. Bonneville*, 879 F.2d 685, 687 (9th Cir. 1989); *Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989). Moreover, an error of state law alone "'is not a denial of due process.'" *Rivera v. Illinois*, 556 U.S. 148, 158 (2009) (citation omitted).

Petitioner's claims Two thought Four are based solely on Petitioner's disagreement with the state court's determination that Petitioner is not eligible for resentencing under Cal. Penal Code § 1170.95. (Petition at 16-22.) However, this court is bound by the state court's interpretation of its laws. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam) ("state court's interpretation of state law . . . binds a federal court sitting in habeas corpus"). Thus, even if the "in custody" requirement was satisfied, Petitioner would be facially ineligible for relief because these claims are not cognizable on federal habeas review.

### C. Claim One: Ineffective Assistance of Habeas Counsel

Petitioner contends that his habeas counsel was ineffective for failing "to federalize" his claims under Cal. Penal Code § 1170.95. (Petition at 16.)

To succeed on a claim of ineffective assistance of counsel, Petitioner must demonstrate that his attorney's performance was deficient and that the deficiency prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Williams v. Taylor*, 529 U.S. 362, 390-91 (2000).

Petitioner's claim fails for want of both deficiency and prejudice. Counsel cannot be deficient for failing to make a meritless argument. Nor can counsel's

failure to raise a meritless argument prejudice Petitioner. Here, counsel was appointed to assist Petitioner in appealing the denial of resentencing under Cal. Penal Code § 1170.95. (Dkt. No. 1-1 at 21.) Counsel could not transform a state law issue into a federal one by asserting a federal constitutional violation where none exists. *See, e.g.*, *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (A habeas petitioner "may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process.").

## IV.

## ORDER

IT IS THEREFORE ORDERED that Judgment be entered summarily dismissing the Petition and action for lack of subject matter jurisdiction.

DATED: June 27, 2022

DEAN D. PREGERSON
United States District Judge